Arthur Braun, J.
The above-named defendants, as well as those others whose cases are now before the court, have been joined by consent of the parties, for the purposes of a motion to suppress and dismiss on the grounds that the arrests and seizures of alleged obscene material were unlawful. No search or arrest warrants had been issued in any of the cases.
Both the United States Supreme Court (Marcus v. Search Warrant, 367 U. S. 717, 722 [1961]) and our State Court of *901 Appeals (People v. Rothenberg, 20 N Y 2d 35 [1967] have stated that prior judicial determination of obscenity as to materials to be seized must precede the issuance of a search warrant.
People v. Rothenberg (supra) reflected the grave concern of the court with free speech under the First Amendment. At pages 38 to 39 the court states: “ The United States Supreme Court has ruled that the application of the First Amendment presents a matter of constitutional law, and numerous books, films and pictures have been considered by the Supreme Court to determine whether they are obscene. It would simplify the administration of the law if that whole function could be delegated to the discretion of law enforcement officers in the locality involved, but if that were done there would be as many different standards of what constitutes obscenity as there are policemen. It is acknowledged to he difficult even for the Supreme Court to draw the line on whether a book or picture is obscene (Jacobellis v. Ohio, 378 U. S. 184, 187), but the power and duty of making that determination is conferred upon the courts rather than upon the police (Marcus v. Search Warrants, 367 U. S. 717, 722).”
In United States v. Brown (274 F. Supp. 561 [1967]) the District Court for the Southern District of New York held that a motion to suppress he granted because (p. 562) “ None of the contents of the cartons were submitted to the Commissioner for his perusal; thus, there was no judicial determination, preliminary or otherwise, of obscenity prior to issuance and execution of the operative warrant.”
It is our view that the necessity of prior judicial determination of obscenity before the execution of search or arrest warrants is equally necessary in arrests and seizures without a warrant.
There is, however, a unique class of materials consisting of photographs depicting males and females in various heterosexual and homosexual acts of sexual intercourse, sodomy and masturbation. Certainly these are patently obscene by any standard. They are the exception to the rule that prior judicial review is required before arrest and seizure.
Photographs such as these could very well be the type referred to by Mr. Justice Stewart in Jacobellis v. Ohio (supra, p. 197), wherein he stated that he found it difficult to describe hard-core pornography ‘ ‘ but I know it when I see it ’ ’.
Motion to suppress granted except as to those photographs described hereinabove as obscene and as to those motion to suppress is denied.